Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X

BARNABE LARIOS GONZALEZ, and ALEXIS LARIOS LEON, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

ICEBERG DEVELOPING COMPANY LLC, and ALEXANDER FORKOSH, DAVID PODOLSKY, SCOTT PODOLSKY, and ROBERT K. BAWOL, as individuals,

Defendants.

----------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

JURY TRIAL REQUESTED

Plaintiffs, **BARNABE LARIOS GONZALEZ and ALEXIS LARIOS LEON** individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

**<u>PRELIMINARY STATEMENT</u>**

1. Plaintiffs, individually and on behalf of all others similarly situated, through undersigned counsel, bring this action against **ICEBERG DEVELOPING COMPANY LLC, and ALEXANDER FORKOSH, DAVID PODOLSKY, SCOTT PODOLSKY, and ROBERT K. BAWOL, as individuals**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at **ICEBERG DEVELOPING COMPANY LLC** located at 400 Broome Street, New York, New York 10013 .

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages. Plaintiffs also seek interest,

attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiffs' other state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

6. Defendants maintained their principal office at 400 Broome Street, New York, New York 10013, and Plaintiffs performed work for Defendants at various construction project sites and locations within this judicial district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

**THE PARTIES**

***The Plaintiffs***

8. Plaintiff **BARNABE LARIOS GONZALEZ**, residing in Flushing, New York, was employed by Defendants at ICEBERG DEVELOPING COMPANY LLC from in or around July 2020 until in or around June 2026.

9. Plaintiff **ALEXIS LARIOS LEON,** residing in Flushing, New York, was employed by Defendants at ICEBERG DEVELOPING COMPANY LLC from in or around June 2022 until in or around January 2025.

***Corporate Defendant***

**ICEBERG DEVELOPING COMPANY LLC.**

10. Defendant ICEBERG DEVELOPING COMPANY LLC is a domestic limited liability company, organized under the laws of the State of New York with a principal executive office and service of process address located at 400 Broome Street, New York, New York 10013.

11. At all relevant times hereto, Defendant ICEBERG DEVELOPING COMPANY LLC through its agents, officers, managers and supervisors, maintained direct control, oversight, and direct supervision over its employees including Plaintiffs in the performance of their duties, which among others include scheduling of work and payment of wages.

12. Accordingly, at all relevant times hereto, Defendant ICEBERG DEVELOPING COMPANY LLC was Plaintiffs' employer within the meaning and the intent of the FLSA and the NYLL.

13. At all times relevant to the allegations contained in the complaint, Corporate Defendant was, and is, an enterprise engaged in interstate commerce within the meaning of the FLSA in that ICEBERG DEVELOPING COMPANY LLC, (i) has purchased and supplied goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods, equipment and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

***The Individual Defendants***

**ALEXANDER FORKOSH, DAVID PODOLSKY, and SCOTT PODOLSKY**

14. At all relevant times hereto, Defendants ALEXANDER FORKOSH, DAVID PODOLSKY, and SCOTT PODOLSKY owned, operated and/or controlled ICEBERG DEVELOPING COMPANY LLC.

15. Upon information and belief, at all relevant times hereto, Defendants ALEXANDER FORKOSH, DAVID PODOLSKY, and SCOTT PODOLSKY were the agents of ICEBERG DEVELOPING COMPANY LLC.

16. At all relevant times hereto, Defendants ALEXANDER FORKOSH, DAVID PODOLSKY, and SCOTT PODOLSKY were responsible for overseeing the daily operations of ICEBERG DEVELOPING COMPANY LLC.

17. At all relevant times hereto, Defendants ALEXANDER FORKOSH, DAVID PODOLSKY, and SCOTT PODOLSKY had power and authority over all the final personnel decisions at ICEBERG DEVELOPING COMPANY LLC.

18. At all relevant times hereto, Defendants ALEXANDER FORKOSH, DAVID PODOLSKY, and SCOTT PODOLSKY had power and authority over all final payroll decisions of ICEBERG DEVELOPING COMPANY LLC, including the Plaintiffs'.

19. At all relevant times hereto, Defendants ALEXANDER FORKOSH, DAVID PODOLSKY, and SCOTT PODOLSKY had the exclusive final power to hire the employees of ICEBERG DEVELOPING COMPANY LLC, including the Plaintiffs.

20. At all relevant times hereto, Defendants ALEXANDER FORKOSH, DAVID PODOLSKY, and SCOTT PODOLSKY had exclusive final power over the firing and terminating of the employees of ICEBERG DEVELOPING COMPANY LLC, including Plaintiffs.

21. At all relevant times hereto, Defendants ALEXANDER FORKOSH, DAVID PODOLSKY, and SCOTT PODOLSKY were responsible for determining, establishing, and paying the wages of all employees of ICEBERG DEVELOPING COMPANY LLC, including the Plaintiffs, setting their work schedules, and maintaining all their employment records of the business.

22. Accordingly, upon information and belief, at all relevant times hereto, Defendants ALEXANDER FORKOSH, DAVID PODOLSKY, and SCOTT PODOLSKY were Plaintiffs' employers within the meaning and the intent of the FLSA, and the NYLL.

**ROBERT K. BAWOL**

23. At all relevant times hereto, Defendant ROBERT K. BAWOL was a direct supervisor of the Plaintiffs at ICEBERG DEVELOPING COMPANY LLC.

24. Upon information and belief, Defendant ROBERT K. BAWOL is an agent of ICEBERG DEVELOPING COMPANY LLC, within the scope of his supervisory duties.

25. At all relevant times hereto, Defendant ROBERT K. BAWOL was responsible for overseeing Plaintiffs' work on a daily basis at ICEBERG DEVELOPING COMPANY LLC.

26. At all relevant times hereto, Defendant ROBERT K. BAWOL exercised supervisory authority over Plaintiffs, including providing instructions, monitoring performance, and enforcing workplace rules and policies, as directed by the Corporate Defendant.

27. At all relevant times hereto, Defendant ROBERT K. BAWOL participated in payroll decisions of ICEBERG DEVELOPING COMPANY LLC, including the Plaintiffs.

28. At all relevant times hereto, Defendant ROBERT K. BAWOL was involved in the hiring, firing and termination of the employees of ICEBERG DEVELOPING COMPANY LLC, including Plaintiffs.

29. Accordingly, at all relevant times hereto, Defendant ROBERT K. BAWOL acted as a supervisory agent of ICEBERG DEVELOPING COMPANY LLC, within the meaning and the intent of the FLSA, and the NYLL.

## RELEVANT STATUTORY PERIOD

30. Under the FLSA and NYLL, Plaintiff's federal and state law claims are subject to statute of limitations periods of 3 and 6 years from the date of the filing of the Complaint, respectively. As this Complaint is filed in November 2026, the relevant statutory period for Plaintiff's claims asserted herein encompasses the entirety of the period spanning November 2020 through the present ("relevant statutory period.").

## FACTUAL ALLEGATIONS

## BARNABE LARIOS GONZALEZ

31. Plaintiff BARNABE LARIOS GONZALEZ was employed by Defendants as a construction assistant, performing various construction-related duties, including cleaning and maintaining construction sites, removing trash and debris, performing post-construction cleanup, loading and unloading construction materials, carrying materials to designated floors, and monitoring access to construction sites, from in or around July 2020 until in or around June 2026.

32. During the relevant statutory period, Plaintiff regularly worked approximately six (6) days per week from in or around November 2020 until in or around December 2021, and approximately five (5) to six (6) days per week from in or around January 2022 until in or around June 2026.

33. During the relevant statutory period, Plaintiff BARNABE LARIOS GONZALEZ regularly worked approximately ten (10) hours per day.

34. Thus, during the relevant statutory period, Plaintiff was regularly required to work approximately sixty (60) hours per week from in or around November 2020 until in or around December 2021, and approximately fifty (50) to sixty (60) hours per week from in or around January 2022 until in or around June 2026.

35. During the relevant statutory period, Plaintiff BARNABE LARIOS GONZALEZ was paid by Defendants an hourly rate of approximately $16.00 per hour from in or around November 2020 until in or around December 2025 and an hourly rate of approximately $18.00 per hour from in or around January 2026 until in or around June 2026.

36. Plaintiff was primarily paid via check.

37. Although Plaintiff worked approximately sixty (60) hours per week from in or around November 2020 until in or around December 2021, and approximately fifty (50) to sixty (60) hours per week from in or around January 2022 until in or around June 2026, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

38. Furthermore, Defendants failed to pay Plaintiff the legally prescribed minimum wage for all his hours worked from in or around January 2025 until in or around December 2025, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

39. Additionally, Plaintiff was paid by Defendants approximately every two (2) weeks during the relevant statutory period. As such, Defendants failed to timely and properly pay Plaintiff, a manual worker, on a weekly basis, thereby violating the frequency-of-pay requirements of NYLL § 191.

40. Upon information and belief, Defendants willfully failed to post notices of the overtime and minimum wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

41. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

42. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

43. Moreover, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages.

44. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

45. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

**ALEXIS LARIOS LEON**

46. Plaintiff ALEXIS LARIOS LEON was employed by Defendants as a construction assistant, performing various construction-related duties, including cleaning and maintaining construction sites, removing trash and debris, performing post-construction cleanup, loading and unloading construction materials, carrying materials to designated floors, and performing demolition and debris removal work, from in or around June 2022 until in or around January 2025.

47. During his employment with Defendants, Plaintiff ALEXIS LARIOS LEON was also assigned to work at the Corporate Defendant's owner's private property in the Hamptons, New York, from in or around June 2022 until in or around September 2022, and again from in or around June 2023 until in or around February 2024.

48. Plaintiff ALEXIS LARIOS LEON regularly worked approximately six (6) days per week from in or around June 2022 until in or around January 2025.

49. Plaintiff ALEXIS LARIOS LEON regularly worked approximately ten (10) hours per day from in or around June 2022 until in or around January 2025, except during his assignments in the Hamptons, New York, from in or around June until in or around September 2022,

and again from in or around June 2023 until in or around February 2024, when he regularly worked approximately twelve (12) hours per day.

50. Thus, Plaintiff was regularly required to work approximately sixty (60) hours per week from in or around June 2022 until in or around January 2025, except during his assignments in the Hamptons, New York, from in or around June 2022 until in or around September 2022, and again from in or around June 2023 until in or around February 2024, when he was regularly required to work approximately seventy-two (72) hours per week.

51. Plaintiff ALEXIS LARIOS LEON was paid by Defendants an hourly rate of approximately $18.00 per hour from in or around June 2022 until in or around January 2025.

52. Plaintiff was primarily paid via check.

53. Although Plaintiff worked approximately sixty (60) hours per week from in or around June 2022 until in or around January 2025, except during his assignments in the Hamptons, New York, from in or around June 2022 until in or around September 2022, and again from in or around June 2023 until in or around February 2024, when he was regularly required to work approximately seventy-two (72) hours per week, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

54. Furthermore, during his assignments in the Hamptons, New York, from in or around June 2022 until in or around September 2022, and again from in or around June 2023 until in or around February 2024, Plaintiff ALEXIS LARIOS LEON worked in excess of ten (10) or more hours per day approximately six (6) day per week, however, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

55. Additionally, Plaintiff was paid by Defendants approximately every two (2) weeks during his employment. As such, Defendants failed to timely and properly pay Plaintiff, a manual worker, on a weekly basis, thereby violating the frequency-of-pay requirements of NYLL § 191.

56. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

57. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

58. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

59. Moreover, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages.

60. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

61. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

62. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

63. Collective Class: All persons who are or have been employed by the Defendants as construction workers, construction assistants, laborers, cleaners, loaders or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

64. Upon information and belief, Defendants employed approximately 40 or more employees within the past three years subjected to similar payment structures.

65. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

66. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work without appropriate overtime and wage compensation.

67. Defendants' unlawful conduct has been widespread, repeated, and consistent.

68. Defendants had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay and wages.

69. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

70. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and their wages in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

71. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

72. The claims of Plaintiffs are typical of the claims of the putative class.

73. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

74. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

75. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

76. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

77. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

78. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

79. Defendants willfully failed to pay Plaintiffs' overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

80. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

81. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## <u>SECOND CAUSE OF ACTION</u>

### Overtime Wages Under New York Labor Law

82. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

83. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

84. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

85. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys'

fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

**<u>THIRD CAUSE OF ACTION</u>**
**Minimum Wages Under New York Labor Law**

86. Plaintiff BARNABE LARIOS GONZALEZ re-alleges and incorporates by reference all allegations contained in all preceding paragraphs.

87. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL §§2 and 651.

88. At all times relevant to this action, Defendants were employers within the meaning of the NYLL.

89. Defendants failed to pay Plaintiff's wages for hours worked in violation of New York Labor Law Article 6.

90. Defendants failed to credit or compensate Plaintiff the applicable minimum hourly wage for all hours worked, in violation of the New York Minimum Wage Act, specifically NYLL §652.

91. Defendants failed to pay Plaintiff the required minimum wage, which Plaintiff was entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.

92. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to his unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

**<u>FOURTH CAUSE OF ACTION</u>**
**Violation of Frequency of Pay Under New York Labor Law**

93. Plaintiffs re-allege and incorporate by reference the foregoing allegations as if set forth fully and again herein.

94. Defendants willfully violated the rights of Plaintiffs by failing to pay their wages owed on a weekly basis in which their wages were earned, in violation of New York Labor Law § 191.

95. Defendants' failure to pay wages on the statutorily prescribed schedule was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

96. Due to defendants' New York Labor Law violations, Plaintiffs are entitled to recover from defendants liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198 and § 663(1).

## FIFTH CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor Law

97. Plaintiff ALEXIS LARIOS LEON re-alleges and incorporates by reference all allegations in all preceding paragraphs.

98. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4.

99. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid spread of hours compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

## SIXTH CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

100. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

101. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

102. Defendants are liable to Plaintiffs in the amount of $5,000.00, per Plaintiff, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

103. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

104. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3).

105. Defendants are liable to Plaintiffs in the amount of $5,000.00, per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiffs' unpaid overtime wages;
c. Awarding Plaintiff BARNABE LARIOS GONZALEZ's minimum wages;
d. Awarding Plaintiff ALEXIS LARIOS LEON's unpaid spread of hours compensation;
e. Awarding Plaintiffs liquidated damages for Defendants' failure to timely pay Plaintiffs' wages;
f. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
g. Awarding Plaintiffs prejudgment and post-judgment interest;
h. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all questions of fact raised by the complaint.

Dated: November 10, 2026
Kew Gardens, NY

Roman Avshalumov

Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BARNABE LARIOS GONZALEZ, and ALEXIS LARIOS LEON, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

ICEBERG DEVELOPING COMPANY LLC, and ALEXANDER FORKOSH, DAVID PODOLSKY, SCOTT PODOLSKY, and ROBERT K. BAWOL, as individuals,

Defendants.

---

**COLLECTIVE ACTION COMPLAINT**

---

**HELEN F. DALTON & ASSOCIATES, P.C.**
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

---

**TO:**
*via Secretary of State service:*
**ICEBERG DEVELOPING COMPANY LLC (DOS ID: 2178858)**
400 Broome Street, New York, New York 10013

*Via Personal Service:*
**ICEBERG DEVELOPING COMPANY LLC**
400 Broome Street, 11th Floor, New York, New York 10013

**ALEXANDER FORKOSH**
400 Broome Street, 11th Floor, New York, New York 10013

**DAVID PODOLSKY**
400 Broome Street, 11th Floor, New York, New York 10013

**SCOTT PODOLSKY**
400 Broome Street, 11th Floor, New York, New York 10013

**ROBERT K. BAWOL**
400 Broome Street, 11th Floor, New York, New York 10013